An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HUGO TICAS,
Appellant,
vs.
D C TRANSPORT, INC.,
Respondent.

No. 58165



FILED

FEB 2 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a tort action. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

The district court dismissed appellant's action below for failure to hold a timely early case conference pursuant to NRCP 16.1(b)(1). On appeal, appellant argues that the district court made factual errors and applied the wrong legal standard in determining whether dismissal was appropriate.

As to the alleged factual errors, appellant asserts that the district court improperly considered that 225 days had passed between the time respondent filed its answer and the date of the district court's order. This was not factually inaccurate, however, and appellant has not demonstrated that it was an abuse of discretion for the district court to consider the full span of time that had passed, particularly when the motion to dismiss was filed after the 180-day period for holding the early case conference had expired and, as discussed below, the district court considered the appropriate factors in determining whether dismissal was appropriate.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05315

Appellant also argues that the district court inaccurately represented that, by December 2010, four months had passed since the early case conference should have been scheduled. NRCP 16.1(b)(1) provides that, unless a case is in arbitration or the short trial program, the early case conference should be held within 30 days of the filing of the first answer. Here, respondent's answer was filed on July 26, 2010, and appellant received an exemption from arbitration on August 26, 2010. While appellant filed a notice of appearance in early December 2010, more than four months passed between the time that the case was exempted from arbitration and counsel's initial activity on December 30, 2010, in the form of filing a notice to set the case for trial. Moreover, while appellant was not necessarily expected to schedule the case conference before the motion for exemption from arbitration had been resolved, the district court's statement was not inaccurate, as, under the rule, the conference should have been scheduled in the days immediately following the entry of the order exempting the case from arbitration. See Moon v. McDonald Carano Wilson LLP, 126 Nev. ___, ___ & n.10, 245 P.3d 1138, 1142 & n.10 (2010) (concluding that a case is not in arbitration for the purpose of NRCP 16.1's deadlines until it has been assigned to an arbitrator or ordered or remanded into arbitration by the district court and recognizing that an extension of the initial 30-day period may be appropriate when an opposed motion for exemption from arbitration is pending).

Regarding appellant's claim that the district court applied the wrong standard of review, the district court's order recognized that the court had discretion to dismiss the case and identified and considered the proper factors in determining whether to exercise that discretion. Cf. Arnold v. Kip, 123 Nev. 410, 415-16, 168 P.3d 1050, 1053 (2007)

(addressing a motion to dismiss for failure to file a timely case conference report). In particular, there is no indication in the record that respondent caused the delay, as it does not appear that appellant ever made any attempt to schedule an early case conference. And while appellant's current counsel was substituted for appellant's original counsel in December 2010, at that time, more than a month was left before the expiration of the 180-day period, and no explanation has been provided as to why counsel failed to initiate an early case conference during that time. See NRCP 16.1(e)(1) (providing that the district court may dismiss an action for failure to hold a timely case conference unless the plaintiff demonstrates "compelling and extraordinary circumstances for a continuance"). As a result, we conclude that the district court did not abuse its discretion by dismissing this action pursuant to NRCP 16.1(e)(1).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

CHERRY, J., dissenting in part and concurring in part:

While I concur with my colleagues for the reasons explained below, I stand by my dissent in Moon v. McDonald Carano Wilson LLP, 126 Nev. ___, ___, 245 P.3d 1138, 1143-45 (2010) (Cherry, J. dissenting). In my dissent, I pointed out that certain language in the Nevada Arbitration Rules created confusion with regard to how those rules

SUPREME COURT
OF
NEVADA

(O) 1947A

interacted with the deadlines set forth in NRCP 16.1 and that the appropriate solution to resolving this issue was to correct this language through the rule amendment process. Id. at ___, 245 P.3d 1143. More than two years later, after the Moon decision, this language remains part of the Nevada Arbitration Rules and litigants and the state's district courts are left only with the unwieldy approach adopted by the Moon majority to resolve this confusion.

Relying on Moon in this case only perpetuates that problem, and thus, to the extent that the majority relies on Moon to resolve this matter, I must dissent. Nevertheless, even under the approach advocated in my dissent in Moon, here appellant failed to hold the early case conference within 30 days of the date the case was exempted from arbitration. While NRCP 16.1(b)(1) allows the parties to agree to extend this deadline for an additional 90 days and authorizes the district court to further extend this period under certain circumstances, appellant does not argue that the parties ever agreed to extend the time for holding this conference or that a motion to extend this period was ever made to the district court and nothing in the record demonstrates the existence of any such agreement or motion. Thus, I agree with the result in this case.

_____, J.
Cherry

cc:   Hon. Janet J. Berry, District Judge
      Jonathan L. Andrews, Settlement Judge
      Southwest Law Center/Las Vegas
      McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Las Vegas
      Washoe District Court Clerk

